## John J. Sanders

*v.*

## Susanna Sanders.

The three years' residence requisite to give jurisdiction in cases of divorce (*Rev.* p. 315, § 1), must be continuous.

Bill for divorce. On final hearing on pleadings and proofs.

*Messrs. S. B. Ransom & Son,* for complainant.

*Mr. John Garrick,* for defendant.

The Chancellor.

This is a suit for divorce *a vinculo,* on the ground of desertion. The alleged desertion is said to have taken place on the 5th of December, 1872. The bill was filed on the 12th of January, 1876. The alleged desertion had then, at the time when the bill was filed, continued a little more than three years. The act concerning divorces provides, as a requisite to maintaining a suit for divorce for desertion, that one of the parties " shall have been a resident of this state for the term of three years during which such desertion shall have continued ; " and this court has given to the provision in the previous part of the section, that the parties, or either of them, "shall be inhabitants of this state at the time of the injury, desertion or neglect complained of," a construction in harmony therewith, holding that the words "at the time" signify there "during the whole time." *Coddington* v. *Coddington,* 5 *C. E. Gr.* 263.

There is no proof in this case that either of the parties was a resident of this state for the period of three years during which the alleged desertion continued. According to the proof, the complainant was not such resident. He

removed from Bricksburg, in the county of Ocean, in this state, on the 6th of March, 1873, to the city of New York. He says that, "on and off," he remained in New York from that time till he moved to Hoboken, in the fall of 1875. · He indeed says that he went to New York to follow his business, and still had his home in Bricksburg; but he almost immediately afterwards says that he did not have his home at Bricksburg all the time he was in New York. He says that he returned to Bricksburg in April, 1873, and brought his furniture away from there to New York, where he rented three rooms to "fix up" a home for his wife, as she had agreed to return, and that his property at Bricksburg remained empty after he took away his furniture, and that it has not been occupied, to his knowledge, since he left.

In 1874, the property was sold away from him, under foreclosure of the mortgage upon it. It is manifest, from his testimony, that he did not reside in this state, but resided in New York, from March 6th, 1873, until the fall of 1875, when he returned to this state to reside. But, further, it appears by the record of proceedings in *certiorari* in the New York supreme court, upon certain proceedings taken by his wife against him in New York, for alleged abandonment, that, in his petition for *certiorari*, which was sworn to by him on the 24th of June, 1873, he stated that he had resided in the city of New York since the middle of the month of March, 1873, and that, prior to the latter date, he had resided in Bricksburg, in this state. Further, he says, in the petition, that his wife abandoned him in December, 1872, and that, after her abandonment of him, and with a view to her return to him, he left the state of New Jersey and became a resident of the city of New York, and there became, and, at the time of the filing of the petition (June 24th, 1873,) was, a householder therein.

In his answer to her petition in this cause for temporary alimony, he says that he went to live in the state of New York on the 6th of March, 1873. The bill is silent as to the residence of either of the parties during the continuance

of the alleged desertion. It appears, from the testimony, that the defendant, since April, 1873, has resided in the city of New York, making her home at the house of her brother there, and supporting herself by her services as a nurse in a hospital.

It does not appear that either the complainant or the defendant was a resident of this state for the term of three years during which the alleged desertion continued. The bill, therefore, must be dismissed.